UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

Paul Hansmeier,
    Plaintiff,

v.

Randall Seaver, Chapter 7 Trustee,
    Defendant.

Bky. 15-42460

Adv. No. _____

## COMPLAINT

1. This is an action for breach of contract arising from the Trustee's actions in relation to the settlement agreement approved in Hansmeier's adversary proceeding against Booth Sweet LLP and Sandipan Chowdhury.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this proceeding. This proceeding is a core proceeding under 28 U.S.C. § 157 because it concerns the administration of the estate, it seeks to recover property from the estate, and it affects the liquidation of assets of the estate. 28 U.S.C. § 157(b)(2)(A), (E) and (O). This matter also relates to a prior case under Chapter 11, giving rise to "related to" jurisdiction.

3. The Court has personal jurisdiction over the Chapter 7 Trustee. The Chapter 7 Trustee is a citizen of Minnesota.

4. Venue is proper in this District. A substantial part of the events or omissions giving rise to Hansmeier's claim occurred in this District and the property that is subject to this action is situated in this District. 28 U.S.C. § 1391. Hansmeier's Chapter 13 petition was filed in this District. 28 U.S.C. § 1409.

## FACTS

5. Paul Hansmeier ("Hansmeier") was the plaintiff in an adversary proceeding against Booth Sweet LLP and Sandipan Chowdhury.

6. The parties reached a settlement in that proceeding.

7. Pursuant to the settlement, Booth Sweet LLP and Sandipan Chowdhury agreed to pay Hansmeier and the estate a total of $150,000.

8. Pursuant to a prior Court order, Hansmeier and the estate were to split the $150,000 evenly.

9. The parties agreed that the payment of the $150,000 would initially be made to the Chapter 7 Trustee.

10. The parties agreed that the Chapter 7 Trustee would turn over half of that amount - $75,000 - to Hansmeier's designee within three business days of the Court's approval of the settlement agreement.

11. In an e-mail to counsel to the Chapter 7 Trustee, Hansmeier identified himself as his designee. Hansmeier's e-mail was sent prior to the Court's approval.

12. The Trustee did not timely transfer $75,000 to Hansmeier and as of the date of this complaint has not turned over $75,000 to Hansmeier as required by the parties' settlement agreement.

13. Instead, the Trustee transferred the $75,000 to the U.S. government.

14. The Trustee's transfer of the $75,000 was made without notice to Hansmeier.

15. The Trustee's transfer of $75,000 to a party other than Hansmeier's designee was a breach of the parties' settlement agreement.

16. Hansmeier did not authorize the Chapter 7 Trustee to transfer the $75,000 to the government.

17. Counsel for the Chapter 7 Trustee first notified Hansmeier of the transfer after it occurred.

18. In the e-mailed notification, counsel for the Chapter 7 Trustee stated that the Chapter 7 Trustee had transferred the $75,000 pursuant to an order of the district court presiding over Hansmeier's criminal case.

19. According to the Trustee, the district court's order required the Trustee to turn the $75,000 over to the government.

20. The order was issued on an expedited motion filed by the government. The district court granted the motion with one business day of its filing. Neither Hansmeier nor the Trustee had an opportunity to respond to the motion.

21. The government made no effort to subject the Chapter 7 Trustee to the jursidiction of the district court.

22. The Trustee was not served with summons or other process in Hansmeier's criminal case.

23. The district court never obtained jurisdiction over the Chapter 7 Trustee.

24. The district court's order was void as to the Chapter 7 Trustee.

25. The Chapter 7 Trustee did not move the district court for relief from the order.

26. Had the Chapter 7 Trustee moved for relief from the order, the district court would have been bound by precedent and therefore constrained to vacate the order as void as to the Trustee.

27. Hansmeier, in turn, would have had substantial grounds to resist any effort by the government to have the $75,000 taken from him. Hansmeier's entitlement to the $75,000 was disclosed to the government prior to sentencing. The government could have (but did not) move for the application of the $75,000 towards restitution payments at the sentencing hearing. The government's

failure to do so would bar any subsequent attempt to obtain the money.

28. The Chapter 7 Trustee was on actual notice of Hansmeier's criminal proceeding at the time the parties entered into the settlement agreement.

29. Counsel for the Chapter 7 Trustee attended Hansmeier's sentencing hearing.

## COUNT I
### Breach of Contract

30. Hansmeier incorporates the foregoing paragraphs as if set forth fully herein.

31. Hansmeier, the Trustee, Booth Sweet LLP, and Chowdhury entered into a valid and binding contract. Pursuant to that contract, the Trustee agreed to turn over $75,000 within three business days of the Court's approval.

32. The Trustee breached the contract when he failed to turn over the $75,000 to Hansmeier within three business days of the Court's approval.

33. Hansmeier fulfilled all of his obligations under the contract.

[Intentionally left blank]

## PRAYER FOR RELIEF

1. Hansmeier requests that the Court order the Chapter 7 Trustee to pay Hansmeier $75,000;

2. In the alternative, Hansmeier requests that the Court enter judgment in Hansmeier's favor against the Chapter 7 Trustee in the amount of $75,000; and

3. Hansmeier requests that the Court award him all other relief that is just and equitable under the circumstances.

Respectfully submitted,

Paul Hansmeier
BOP # 20953041  Unit K3
FCI Sandstone
P.O. Box 1000
Sandstone, MN 55072

-5-