UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Paul Hansmeier,<br>Plaintiff, | )<br>)<br>) | BKY No. 15-42460 |
| v. | )<br>) | ADV. No. 19-4194 |
| Randall L. Seaver, Chapter 7 Trustee,<br>Defendant. | )<br>)<br>) | |

RECEIVED
19 SEP 23 AM 11: 43
U.S BANKRUPTCY COURT
ST. PAUL, MN

### Notice of Motion and Motion for Summary Judgment

1. Plaintiff Paul Hansmeier, moves this Court for entry of summary judgment on all of the claims in his complaint in the amount of $75,000 and gives notice of hearing below.

2. A hearing on this motion will be held at 9:30 a.m. on October 28, 2019 in Courtroom 8W, U.S. Bankruptcy Court, 300 South Fourth Street, Minneapolis, MN 55415.

3. Pursuant to Local Rule 7007-1(a), Local Rule 9001(c) provides deadlines for responses to motions in adversary proceedings. Any response to this motion must be filed and served by delivery not later than, Wednesday October 23, 2019 which is five days before the time set for the hearing (including Saturdays, Sundays and holidays). UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Bankruptcy Rule 5005 and Local Rule 1070-1. Venue of this case and the Motion are proper in this District pursuant to 28 U.S.C. 1408 and 1409. This is a core proceeding. This adversary proceeding was commenced on August 8, 2019.

5. This Motion arises under Fed. R. Civ. P. 56 made applicable to this adversary proceeding by Fed. R. Bankr. P. 7056.

6. By this motion, Plaintiff Paul Hansmeier seeks an order in the following form of the proposed order which is attached to this motion (the "Order"):

    a. Entry of summary judgment in Hansmeier's favor against Randall Seaver in the amount of $75,000.

7. The adversary complaint contains one count, breach of contract. The facts

supporting this motion are set forth herein.

FACTS

8. Hansmeier filed a petition for bankruptcy on July 13, 2015 under Chapter 13 of the Bankruptcy Code.

9. The case was converted to Chapter 7 in December 2015.

10. Hansmeier was the plaintiff in adversary proceeding 16-4124. The defendants in that adversary proceeding were Sandipan Chowdhury and Booth Sweet LLP.

11. Pursuant to a settlement between Hansmeier and the Chapter 7 Trustee, Hansmeier agreed to split any proceeds obtained from adversary proceeding 16-4124 equally with the estate pursuant to a payment plan agreed to by the parties and approved by the Court.

12. Hansmeier reached a settlement with Chowdhury and Booth Sweet LLP.

13. Pursuant to that settlement, Booth Sweet LLP and Chowdhury agreed to pay Hansmeier and the estate a total of $150,000.

14. Hansmeier, Booth Sweet LLP, Chowdhury and the Chapter 7 Trustee entered into a settlement agreement to memorialize the terms of settlement.

15. In exchange for Booth Sweet LLP and Chowdhury's promise to pay $150,000, Hansmeier agreed to discontinue his judgment enforcement efforts. The Chapter 7 Trustee agreed to hold the $150,000 pending the Court's approval of the settlement agreement. The Chapter 7 Trustee agreed to pay Hansmeier $75,000 within three business days of the Court's approval of the settlement agreement.

16. The Trustee's obligation to pay Hansmeier was absolute. The parties' signed settlement agreement did not contain any exceptions or contingencies which would authorize or exempt non-payment. Nothing in the settlement agreement indicated that the Chapter 7 Trustee could withhold payment based on an order issued by a third-party court.

17. The parties signed the settlement agreement and submitted it to the Court for its approval.

18. While the approval was pending, Hansmeier was sentenced in criminal matter no.

16-cr-334. Hansmeier's interest in the $75,000 in settlement proceeds was disclosed to the district court at the time of sentencing. The district court did not require that the $75,000 be applied to the restitution judgment that was entered at sentencing. Counsel for the Chapter 7 Trustee attended Hansmeier's sentencing hearing.

19. Apparently having second thoughts, the government filed an expedited motion post-sentencing to have the $75,000 applied to the restitution judgment. The motion was filed on . Friday June 21, 2019 and was granted the following Monday June 24, 2019. Hansmeier received a copy of the motion after the district court granted it.

20. The Trustee was not named as a respondent to the motion. The Clerk of Court for the district court did not issue summons to the Trustee. The certificate of service attached to the government's motion contained no indication that the Trustee had been served. Based on the foregoing, the Chapter 7 Trustee was not served with the motion or process with respect to the motion.

21. This Court approved the settlement agreement on June 25, 2019.

22. The Trustee did not transfer $75,000 to Hansmeier within three business days of the Court's approval. Instead, counsel for the Chapter 7 Trustee e-mailed Hansmeier to notify Hansmeier that the Trustee had transferred the funds to the government. The Trustee did not notify Hansmeier prior to transferring the $75,000 or obtain Hansmeier's consent for the transfer.

23. Based on Hansmeier's understanding, the Chapter 7 Trustee transferred the funds on June 24, 2019, i.e. one day before this Court approved the settlement agreement. The Chapter 7 Trustee did not notify the parties or the Court about this material development prior to the Court's approval of the settlement agreement.

24. Hansmeier performed his obligations under the parties' settlement agreement by discontinuing judgment enforcement efforts against Booth Sweet LLP and Sandipan Chowdhury.

25. The Trustee was on actual notice of Hansmeier's criminal proceeding, and therefore the government's attempts to collect restitution. The Chapter 7 Trustee

is a sophisticated party in litigation matters and could have foreseen the government's desire to seize the $75,000 that is at issue in this adversary proceeding.

26. The Trustee made no effort to seek relief from the district court's order. Instead, the Trustee voluntarily complied with it.

[intentionally left blank]

WHEREFORE, Hansmeier respectfully requests that the Court enter an order:

1. Granting Plaintiff's motion for summary judgment; and

2. Entry of judgment in favor of Paul Hansmeier against Randall Seaver in the amount of $75,000.

Dated: 9/20/19

By:
Paul R. Hansmeier
BOP # 20953041 Unit K3
FCI Sandstone
P.O. Box 1000
Sandstone, MN 55072
Pro se

VERIFICATION

I, Paul Hansmeier, the Plaintiff in Adv. No. 19-4194, state under the penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on: 9/20/19

Paul R. Hansmeier

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Paul Hansmeier, | ) | BKY No. 15-42460 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ADV No. 19-4194 |
| | ) | |
| Randall Seaver, Chapter 7 Trustee, | ) | |
| Defendant. | ) | |

RECEIVED
'19 SEP 23 AM 11:43
U.S. BANKRUPTCY COURT
ST. PAUL, MN

### Plaintiff's Memorandum of Law in Support of Motion for Summary Judgment

Movant Paul Hansmeier ("Hansmeier") respectfully requests that the Court grant his motion for summary judgment.

### Introduction

The facts giving rise to Hansmeier's claim are undisputed. Booth Sweet LLP, Sandipan Chowdhury, Hansmeier, and the Chapter 7 Trustee entered into a settlement agreement to resolve the Chowdhury adversary proceeding. In relevant part the settlement agreement required the Chapter 7 Trustee to transfer $75,000 to Hansmeier within three business days of the Court's approval of the settlement agreement. The Chapter 7 Trustee's contractual obligation was absolute. The settlement agreement did not contain any contingencies excusing the Chapter 7 Trustee from transferring the funds to Hansmeier after the Court's approval of the settlement agreement. The Court approved the settlement agreement on June 25, 2019. The Chapter 7 Trustee did not make the required trnasfer of funds to Hansmeier. Instead, the Chapter 7 Trustee turned Hansmeier's funds over to the U.S. government. The Chapter 7 Trustee did so without first notifying Hansmeier of the contemplated transfer or obtaining Hansmeier's consent.

After the Chapter 7 Trustee transferred the funds to the government, counsel for the Chapter 7 Trustee notified Hansmeier of the transfer. According to the Chapter 7 Trustee, the Trustee had received an order from the district judge presiding over Hansmeier's criminal case. Apparently, the district judge had entered an order directing the Chapter 7 Trustee to transfer the funds to the government. The district court granted the order based on a motion that was filed by the government. The government's motion was granted within one business day of its filing. Hansmeier did not find out about the motion or have an opportunity to respond

to it before it was granted. The Trustee did not have an opportunity to do so either.

Importantly, for the sake of this motion for summary judgment, the Trustee was never properly made subject to the district court's jurisdiction. In its haste to file its motion, the government failed to abide by the procedures necessary for subjecting a third-party to the jurisdiction of a federal district court, i.e., service of process. The Chapter 7 Trustee was never named as a respondent to the government's motion or served with process. These procedural defects resulted in an order that was void with respect to the Chapter 7 Trustee for lack of personal jurisdiction. The Chapter 7 Trustee had no formal obligation to comply with the district court's order; had the Trustee challenged the order, the district court would have had no discretion but to vacate the order. Rather than challenging the order, the Chapter 7 Trustee voluntarily turned over Hansmeier's funds to the government.

In the end, there were a series of errors with respect to the government's motion. The government erred by failing to follow proper procedures to ensure that the Chapter 7 Trustee was within the district court's jurisdiction. The district court erred by affixing her signature to the proposed order submitted by the government without evaluating her power to issue the order. The Chapter 7 Trustee erred on several levels. Most fundamentally, the Chapter 7 Trustee erred by failing to consider and respect his contractual duties.

The only party against whom Hansmeier has recourse for the foregoing errors is the Chapter 7 Trustee. Hansmeier has no standing to move the district court to vacate its order based on its jurisdictional error with respect to the Trustee. All Hansmeier has is his contractual claim to the $75,000 that the Chapter 7 Trustee was obligated to transfer to Hansmeier within three days of the Court's approval of the parties' settlement agreement

The Chapter 7 Trustee is a sophisticated party who had the ability to navigate between the obligations imposed by contract and the obligations impoosed by the district court's order. The Chapter 7 Trustee acted with complete disregard for his

-2-

contractual obligations, thus exposing himself and the estate to a straightforward claim for breach of contract.

Indeed, had the Chapter 7 Trustee communicated with Hansmeier, Hansmeier would have been obliged to explain his position. At that point, the Chapter 7 Trustee would have been fully informed as to the respective parties' positions and could have plotted a course that would have avoided exposing the estate to this adversary proceeding.

Hansmeier sent a letter to counsel for the Chapter 7 Trustee prior to commencing this adversary proceeding. In that letter, Hansmeier presented a demand for payment of the $75,000, invited the Chapter 7 Trustee to engage in settlement negotiations, and offered to consider in good faith any defenses that the Chapter 7 Trustee might have to this breach of contract claim. The Chapter 7 Trustee did not respond to Hansmeier's letter, thus necessitating this adversary proceeding.

[intentionally left blank]

## Facts

The facts that are material to this motion for summary judgment are set forth in the attached motion. For the sake of brevity there are not repeated here.

## Jurisdiction

The Court has jurisdiction under 28 U.S.C. § 1334 and 28 U.S.C. § 157. This proceeding is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (E) and (O). In addition, this case arises under the Court's "related to" jurisdiction because it is related to a case arising under the Bankruptcy Code.

## Standard of Review

Federal Rule of Bankruptcy Procedure 7056 provides that Federal Rule of Civil Procedure 56 applies in adversary proceedings. Rule 56 states that summary judgment shall be entered "if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the moving party to establish the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Matsushita Elec. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Nat'l Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co., 165 F.3d 602 (8th Cir. 1999). See also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party, who must show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B).

[intentionally left blank].

## Argument

Entry of summary judgment in Hansmeier's favor is appropriate. There is no genuine issue of material fact that the parties entered into a contract and that the Chapter 7 Trustee breached his promise to transfer $75,000 to Hansmeier under the agreement. the district court's June 24, 2019 order does not give rise to a defense in this case. Hansmeier's expectancy damages are $75,000. Had he acted with diligence, the Trustee could have avoided this adversary proceeding.

I.   **There is no genuine issue of material fact that the Trustee breached the parties' settlement agreement.**

There is no genuine issue of material fact that the Trustee breached the parties' settlement agreement.

### A.   Legal standard.

To prevail on a claim for breach of contract, Hansmeier must establish three elements: (1) formation of a contract; (2) performance by plaintiff of any conditions precedent to his right to demand performance by the defendant; and (3) breach of the contract by the defendant. Trebelhorn v. Argawal, 905 N.W.2d 237, 246 (Minn. Ct. App. 2017).

### B.   Argument.

There is no genuine issue of material fact that a contract was formed. Hansmeier, the estate, Booth Sweet LLP and Sandipan Chowdhury entered into a written agreement, which provided that Hansmeier would drop his claims and judgment enforcement efforts against the defendants in the Chowdhury adversary proceeding if the defendants paid Hansmeier and the estate a total of $150,000. As part of this exchange of promises, the Chapter 7 Trustee agreed to hold that $150,000 pending the Court's approval of the settlement agreement. The Trustee agreed to transfer Hansmeier's share of the settlement funds to Hansmeier within three days of the Court's approval of the settlement agreement. These terms were negotiated by the parties in good faith and were memorialized in a written document that was signed by the parties and submitted to the Court for its approval.

As for the second element---performance of conditions precedent---there were

no conditions precedent for Hansmeier to perform under the agreement. To the extent that Hansmeier was required to perform under the agreement, Hansmeier has so performed. Hansmeier filed a notice of dismissal of his judgment enforcement proceeding in Massachusetts, for example.

It cannot be disputed that the Trustee materially breached the settlement agreement. The Trustee was contractually obligated to turn over $75,000 to Hansmeier wtihin three business days of the Court's approval of the settlement agreement. The Court approved the settlement agreement on June 25, 2019. The Trustee has not transferred the funds to Hansmeier. Instead, the Trustee transferred the funds to the government. The Trustee's obligation to transfer funds to Hansmeier was absolute. The parties' contract did not contain any language that allowed the Trustee to transfer the funds to a third-party in the event of a court order. The Trustee's failure to transfer the funds to Hansmeier is a material breach of the settlement agreement. See Black's Law Dictionary 182 (7th ed. 1999) (defining "breach" as a failure to perform a promise under a contract).

Hansmeier does not anticipate that the Chapter 7 Trustee will dispute any of these points. Rather, Hansmeier anticipates that the Trustee will attempt to argue that his breach was excused because of the district court's June 24, 2019 order.

II. <u>The district court's June 24, 2019 does not give rise to a viable defense in this case.</u>

The district court's June 24, 2019 order does not give rise to a viable defense in this case. This is true for at least three reasons: (1) the order was void as to the Chapter 7 Trustee; (2) the Chapter 7 Trustee did not attempt to seek relief from the district court's order; and (3) the district court's order was foreseeable at the time the parties entered into the settlement agreement.

A. <u>Legal standard.</u>

Courts have rigorously enforced contractual obligations throughout the history of the English and United States' courts. Early common law imposed a strict general rule: the performance of a contractual obligation is not excused simply because an event that occurred after the contract made performance more difficult or even impossible. See, e.g., Berg v. Erickson, 234 F.3d 817 (8th Cir. 1916). The only

exception to the strict general rule was when the parties' contract expressly provided for that contingency.

Over time, courts have carved out narrow exceptions to the strict general rule. Under a very limited set of circumstances——which are not present here——a promisor can escape liability for breach of contract by pointing to a court order that made performance impossible. However, a promisor such as the Trustee can _never_ use a court order to avoid liability for breach of contract where at least one of the following is true: (1) the order was void; (2) the party subject to the order failed to attempt to obtain relief from the order; and the order was foreseeable.

### B. The Trustee was not subject to a court order because the district court's order was void as to the Trustee.

The Trustee was not subject to a court order because the district court's order was void as to the Trustee. Accordingly, there was no order which bound the Trustee to do anything. The Trustee cannot use the district court's June 24, 2019 to escape liability for breach of contract.

The district court's order was void as to the Trustee. It is undisputed that the Trustee was never served with process with respect to the government's motion. "If a defendant is improperly served, a federal court lacks jurisdiction." _Printed Media Servs., Inc. v. Solna Web, Inc._, 11 F.3d 838, 843 (8th Cir. 1993). Defects of service of process are jurisdictional in nature. _See id._ Accordingly, the district court's order was void as to the Chapter 7 Trustee. _See, e.g., Nicolaus v. United States_, 2019 U.S. Dist. LEXIS 994, at *23, 18-cv-3018 (N.D. Iowa Jan. 3., 2019) (vacating order sustaining claim objection as void where claimant had not been served with debtor's claim objection).

While some courts have excused nonperformance where performance becomes impossible by reason of judicial process, even those courts that have done so have required a showing that the issuing court was a court of "competent jurisdiction." 17A Am. Jur. 2d Contracts § 696 n.65 (collecting cases). This rule is sensible because an order which is "void" does not bind the subject of the order. A void order cannot be enforced through contempt, a void judgment is subject to collateral attack on jurisdictional grounds if it is registered in a foreign district, and by its very

term, a void order for all practical purposes does not exist.

The Trustee cannot use the district court's June 24, 2019 order to escape liability for breach of contract. The government's failure to serve the Trustee with process with respect to their motion deprived the district court of jurisdiction over the Trustee. The order that issued was void as to the Trustee, and for the purpose of the law did not exist. A void order is no different than no order at all.

C.   The Trustee did not attempt to seek relief from the district court's order.

The Trustee did not attempt to seek relief from the district court's order. "In order for an injunction ... to operate as an excuse for non-performance ... it must appear that the promisor has been unable to obtain a dissolution of the district court's injunction or that an effort to have it dissolved would have been futile." 17A Am. Jur. 2d Contracts § 696 n.7 (collecting cases). See also Powers v. Siats, 244 Minn. 515 (Minn. 1955).

The Chapter 7 Trustee did not attempt to seek relief from the district court's order. The district court's thus does not excuse the Trustee's non-performance unless the Trustee can show that an attempt to obtain relief from the order would have been futile. The Trustee cannot possibly make that showing. The Trustee could have moved the district court to vacate the order as void for lack of personal jurisdiction. The district court would have had no discretion but to grant that motion. See Hunter v. Underwood, 362 F.3d 468 (8th Cir. 2003) ("Relief from a void ... is not discretionary). The Trustee also would have had a colorable claim, for example, that the district court's order was issued without adequate due process--- given that the order was issued without notice to the Chapter 7 Trustee (or anyone else, for that matter) or an opportunity to be heard on the motion.

The Trustee did not take any action to obtain relief from the district court's order. The Trustee cannot show that an attempt to obtain relief from the order would have been futile. The Trustee's failure to seek relief from the district court's order and the Trustee's inability to show that such an attempt would have been futile prohibits the Trustee from now asserting that the district court's June 24, 2019 order excuses the Trustee's breach.

C. The district court's June 24, 2019 order was foreseeable at the time the parties entered into the settlement agreement.

The district court's order was foreseeable at the time the parties entered into the settlement agreement. Where a risk of impossibility is foreseeable at the time a contract is formed, the party who is obligated to perform cannot claim impossibiltiy if the risk is realized. See, e.g., enXco Dev. Corp. v. N. States Power Co., 758 F.3d 940, 945-46 (8th Cir. 2014) (affirming district court's opinion that foreseeable risks do not give rise to an impossibility defense---even risks related to government action).

Implicit in the arguments presented in the Chapter 7 Trustee's motion for dismissal is an assertion that it was impossible for the Chapter 7 Trustee to ignore the district court's order or refuse to comply with it.

The risk that the government would move the district court to seize the $75,000 was foreseeable at the time the parties entered into the settlement agreement in June 2019. At the time of the agreement, Hansmeier had entered into a conditional guilty please in his criminal case. The government was seeking a substantial restitution judgment. All of the foregoing was a matter of public record and was known to the Chapter 7 Trustee at the time the parties entered into the settlement agreement.

The Chapter 7 Trustee is a highly sophisticated litigant who has unmatched experience with the federal courts. The Trustee could have allocated the risk of the district court's order away from himself in the parties' settlement contract. Or the Chapter 7 Trustee could have refused to hold the funds pending the Court's approval of the settlement agreement. The Chapter 7 Trustee's decision to agree to a settlement agreement whereby he was unconditionally bound to transfer the funds to Hansmeier notwithstanding the risk of an intervening order from the district court is a third reason why the district court's order does not provide the Trustee with a defense in this case.

III. Hansmeier's expectation damages are $75,000.

Hansmeier's expectation damages are $75,000. Under Minnesota law, a person who

breaches a contract may be held liable for expectation damages. Expectation damages are designed to, "place the plaintiff in the same position as if the breaching party had complied with the contract." Logan v. Norwest Bank Minn., N.A., 603 N.W.2d 659, 663 (Minn. Ct. App. 1999). Here, if the Trustee had complied with his contractual obligations, he would have transferred $75,000 to Hansmeier and Hansmeier would have had $75,000 in his bank account. The proper measure of damages is $75,000.

IV.  <u>Had he exercised diligence, the Trustee could have avoided this adversary proceeding.</u>

Had he exercised diligence, the Trustee could have avoided this adversary proceeding. The Trustee is a sophisticated party who regularly appears before this Court. With diligence, the Trustee could have navigated the competing interests of the district court's order and his contractual obligations. An example is instructive.

Shortly after the conversion of Hansmeier's case to Chapter 7, the Trustee filed an adversary proceeding against Hansmeier. The Chapter 7 Trustee sought to recover the payments Hansmeier made towards his Chapter 13 plan before his case was converted to Chapter 7. Hansmeier obtained judgment by default against the Trustee. The Court ordered the Chapter 7 Trustee to the proceeds associated with Hansmeier's Chapter 13 plan payments over to Hansmeier.

The Chapter 7 Trustee did not follow the Court's order. Instead, the Chapter 7 Trustee refused to transfer the funds to Hansmeier. The Trustee then proceeded to file a motion challenging the judgment, i.e. a motion for relief from the judgment, and held the funds in a manner that technically violated the Court's order. Only after the Chapter 7 Trustee's attempt to challenge the judgment failed did the Trsutee finally transfer the funds to Hansmeier. At the hearing on the motion, the Chapter 7 Trustee did not dispute that he was still in possession of the funds the district court had ordered turned over. In defense of his actions, the Trustee indicated that he had consulted with a retired bankruptcy judge and concluded that challenging the order before complying with it would be serve the interests of the estate.

Turning to the case at bar, the Chapter 7 Trustee could have (but did not) behaved similarly in this case. The Chapter 7 Trustee could have paused his compliance with the district court's order pending a challenge to it. The Chapter 7 Trustee could have consulted with his peers to identify a proper course forward. Indeed, the Chapter 7 Trustee could have simply picked up the phone and called the government and Hansmeier to identify an agreed path for moving forward. Hansmeier would have participated in good faith in any such discussion to find a path that respected the competing interests of the various stakeholders. But the Chapter 7 Trustee did not perform any of these actions. Instead, the Chapter 7 Trustee turned over the funds to the government without taking any care to protect the estate from a straightforward breach of contract claim, giving Hansmeier no option but to prosecute this adversary proceeding.

<u>Conclusion</u>

The Court should grant Hansmeier's motion for summary judgment.

9/20/19

Respectfully submitted,

Paul Hansmeier

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Paul Hansmeier, | ) | |
|     Plaintiff, | ) | BKY. No. 15-42460 |
| | ) | |
| v. | ) | ADV. No. 19-4194 |
| | ) | |
| Randall Seaver, Chapter 7 Trustee, | ) | ORDER |
|     Defendant. | ) | |

This matter came before the Court on the Plaintiff's motion for summary judgment under Fed. R. Civ. P. 56. Appearances were as noted on the record. Based on the arguments of counsel, all of the files, records, and proceedings herein, IT IS ORDERED:

1. The Plaintiff's motion for summary judgment is granted.

2. Judgment shall be entered in the amount of $75,000 in favor of Paul Hansmeier and against Randall Seaver.


Dated:

_____
Kathleen H. Sanberg
United States Bankruptcy Judge