UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                       BKY No. 15-42460

Chapter 7 Case

Paul Hansmeier,

        Debtor.

Paul Hansmeier,                                          ADV No. 19-4194

        Plaintiff,

vs.

Randall L. Seaver, Chapter 7 Trustee,

        Defendant/Third Party Plaintiff,

vs.

United States of America.

        Third Party Defendant.
_____

**Defendant's Objection to Plaintiff's Motion for Summary Judgment**
_____

Randall L. Seaver, trustee ("Defendant" or "Trustee") files this objection to the "Notice of Motion and Motion for Summary Judgment" filed by Plaintiff Paul Hansmeier on September 23, 2019 and scheduled for hearing on October 28, 2019.

1.      The Plaintiff's motion documents contain a recital of factual allegations relating to the case at hand. Trustee objects to a number of the factual allegations as conclusions of law, and others as false statements as evidenced by the parties' contract and documents filed in support of this motion and submits a memorandum herewith containing an accurate recital of the facts relevant to the Plaintiff's claim. Trustee incorporates the facts contained in his attached Memorandum into this Objection by reference.

2. Plaintiff seeks entry of summary judgment pursuant to Fed.R.Civ.P. 56 made applicable to this adversary proceeding by Fed.R.Bank.P. 7056. Plaintiff seeks entry of summary judgment on the sole count of breach of contract and seeks entry of Judgment in the amount of $75,000 against the Trustee.

3. As set forth in the attached memorandum of law and supporting declaration, neither the facts nor law support the Plaintiff's motion for summary judgment.

4. The United States District Court entered an Order directing the Trustee to turn over to the United States District Court the Plaintiff's interest in settlement proceeds for payment of Plaintiff's criminal restitution judgment. That Order has not been appealed by the Plaintiff. The Trustee properly obeyed that Order.

5. The Trustee's compliance with an Order entered by the United States District Court – which exercised jurisdiction over the Plaintiff and his assets – removes the Plaintiff's claim for breach of contract damages arising from the parties' agreement.

6. For the reasons stated above, and as articulated in the attached memorandum of law, the Trustee respectfully requests that the Bankruptcy Court deny the Plaintiff's September 23, 2019 motion for summary judgment.

**FULLER, SEAVER & SWANSON, P.A.**

Dated: October 11, 2019       By: /e/ Matthew D. Swanson
                                  Matthew D. Swanson       390271
                                  12400 Portland Avenue South, Suite 132
                                  Burnsville, MN 55337

                                  Attorneys for Defendant


**VERIFICATION**

I, Randall L. Seaver, the duly appointed Chapter 7 trustee of the underlying Bankruptcy Estate, and the Defendant in this action, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Executed on October 11, 2019       /e/ Randall L. Seaver
                                   Randall L. Seaver, Trustee

2

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | BKY No. 15-42460 |
| | Chapter 7 Case |
| Paul Hansmeier, | |
| Debtor. | |

| | |
|---|---|
| Paul Hansmeier, | ADV No. 19-4194 |
| Plaintiff, | |
| vs. | |
| Randall L. Seaver, Chapter 7 Trustee, | |
| Defendant/Third Party Plaintiff, | |
| vs. | |
| United States of America. | |
| Third Party Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

### INTRODUCTION

The Trustee submits this memorandum in support of his Objection to the Plaintiff's Notice of Motion and Motion for Summary Judgment.

### FACTUAL BACKGROUND

The facts relevant to the breach of contract claim are as follows:

i. The plaintiff Paul Hansmeier ("Hansmeier" or "Plaintiff") filed a Chapter 13 Bankruptcy petition commencing on July 13, 2015, the case was subsequently converted to a Case under Chapter 7 on December 3, 2015.

ii. Randall L. Seaver was appointed as the Chapter 7 Trustee for the Plaintiff's bankruptcy estate ("Trustee" or "Defendant").

iii. During the course of the bankruptcy case, the Trustee commenced adversary proceeding 16-4124 against Booth Sweet, LLP and Sandipan Chowdhury.

iv. After commencement of adversary proceeding 16-4124 the Trustee entered into an agreement with the Plaintiff whereby the Plaintiff was substituted into the adversary proceeding as the plaintiff. Pursuant to the agreement, approved by the Bankruptcy Court, the Plaintiff and Trustee agreed to sharing agreement for any proceeds recovered from the defendants Booth Sweet, LLP and Sandipan Chowdhury.

v. Plaintiff and Trustee ultimately reached a settlement with Booth Sweet, LLP and Sandipan Chowdhury in adversary no. 16-4124, wherein Booth Sweet, LLP and Chowdhury agreed to pay Plaintiff and Trustee, on behalf of the bankruptcy estate, a total of $150,000 (the "Settlement Agreement").[1]

vi. Notice of the Settlement Agreement was filed by the Trustee in Bankruptcy Case No. 15-42460 on May 31, 2019 (Doc. No. 268).

vii. The Settlement Agreement required the settlement proceeds to be paid to the Trustee prior to the Bankruptcy Court's approval of the Settlement Agreement.

viii. Pursuant to the Settlement Agreement, the Trustee was required to turn over Plaintiff's interest in the settlement proceeds, $75,000, to his designee within three (3) days of the Bankruptcy Court's approval of the Settlement Agreement.[2]

ix. After the Trustee noticed the Settlement Agreement in the bankruptcy case, Plaintiff was sentenced in criminal matter no. 16-cr-334 by the United States District Court District of Minnesota. In conjunction with his criminal sentence a criminal restitution order was entered requiring the Plaintiff to pay in excess of $1,000,000 to the United States of America for restitution.

x. On June 21, 2019, the United States filed a motion in criminal matter no. 16-cr-334 for an order under 18 U.S.C. § 3664(k), to modify the payment schedule set forth in Hansmeier's sentencing order, and to require the Trustee to turn over the Plaintiff's share of the settlement proceeds, $75,000, to the United States government for application to Plaintiff's restitution judgment.[3]

xi. A copy of the United States' June 21, 2019 motion was delivered to the Trustee via email on Monday, June 24, 2019.[4]

---

[1] A copy of the Settlement Agreement executed by the Plaintiff is attached to the Declaration of Randall L. Seaver as Ex. 1.
[2] See Declaration of Randall Seaver at Ex. 1, p. 3.
[3] See Declaration of Randall Seaver at Ex. 2
[4] See Declaration of Randall Seaver at 3.

2

xii. On June 24, 2019, the United States District Court District of Minnesota granted the United States' motion and entered an Order requiring the Trustee to "pay over to the Clerk of Court the settlement funds of $75,000.00 held for the above-named defendant (Paul Hansmeier) as payment for the criminal monetary penalties owed by the defendant in this case."(Hereinafter the "District Court Order").[5]

xiii. A copy of the District Court Order was served upon the Trustee via email on June 24, 2019.[6]

xiv. On June 25, 2019, the Bankruptcy Court entered an Order in Bky No. 15-42460 approving the Settlement noticed by the Trustee on May 31, 2019. (Doc. No. 270).

xv. After entry of the June 25, 2019 Order approving the settlement, the Trustee sent a check to the United States District Court, in the amount of $75,000 in compliance with the United States District Court's June 24, 2019 Order.[7]

xvi. On June 27, 2019, counsel for the Trustee notified Plaintiff that pursuant to the District Court Order the Trustee turned over the Plaintiff's interest in the settlement proceeds to the District Court.[8]

xvii. On July 7, 2019, Plaintiff emailed counsel for the Trustee concerning the matter, stating, in part, the following:

> I will be moving in the first instance before the district court for the return of the funds.  If that motion is unsuccessful then I will be turning to the breach of contract claim…[9]

xviii. On August 8, 2019 Plaintiff commenced this adversary action asserting a claim for breach of contract against the Trustee.

xix. On September 23, 2019, Plaintiff filed his motion for summary judgment.

---

[5] See Declaration of Randall Seaver at Ex. 4, copy of the June 24, 2019 Order.
[6] See Declaration of Randall Seaver at Ex. 5, copy of email serving District Court Order.
[7] See Declaration of Randall Seaver at ¶ 6.
[8] See Declaration of Matthew D. Swanson at Ex. 1.
[9] See Declaration of Matthew D. Swanson at Ex. 2, copy of the July 1, 2019 email from Plaintiff.

3

## ARGUMENT

I. **INTRODUCTION**

The Plaintiff attempts to frame his claim as a standard breach of contract action against the Trustee – the facts will show that this is anything but a simple breach of contract claim. The settlement proceeds the Plaintiff expected to receive from a settlement with judgment debtors was redirected by the United States District Court District of Minnesota to be applied to his criminal restitution judgment. Plaintiff admits he would be unsuccessful in an action against the U.S. Government to undo the District Court order, so he filed suit against the Trustee asserting that the Trustee should have disobeyed the District Court Order.

The District Court order is paramount to this case and is an absolute defense to the Plaintiff's claim. The Trustee's only role in the subject settlement was to hold the settlement proceeds until the Bankruptcy Court approved the settlement, after which the Trustee was to transfer the Plaintiff's share of the proceeds to the "Debtor's designee." The District Court Order redirected the Plaintiff's share of the proceeds to the U.S. Government, and the funds remain with the U.S. Government to be applied to his restitution judgment. The Plaintiff is not entitled to an additional $75,000.

II. **SUMMARY JUDGMENT STANDARD**

Under Rule 56 of the Federal Rules of Civil Procedure, applicable here through bankruptcy Rule 7056, summary judgment is appropriate:

> "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Fed.R.Civ.Pro. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). The movant must establish that there is "no genuine issues as to any…fact

4

that is material to the claims or defenses at issue on the motion." *In re de Jesus*, 268 B.R. 185, 190 (Bankr. D. Minn. 2001). If there is no triable fact issue, the movant then must show its right to judgment under the governing law, upon the uncontested facts gleaned from the record presented on the motion. *Guinness Import Co. v. Mark VII Distributors, Inc.*, 153 F.3d 607, 610-611 (8th Cir. 1998); *Osborn v. E.F. Hutton & Co., Inc.*, 853 F.2d 616, 618 (8th Cir. 1988). The Eighth Circuit has voiced approval for the use of summary judgment where the issues in litigation are "primarily legal rather than factual." *E.g., Gordon v. City of Kansas City*, 241 F.3d 997, 1002 (8th Cir. 2001); *Buettner v. Arch Coal Sales Co., Inc.,* 216 F.3d 707, 713 (8th Cir. 2000); *United States Fidelity and Guaranty Co. v. Housing Auth. of the City of Poplar Bluff*, 114 F.3d 693, 695 (8th Cir. 1997).

"If seeking relief in the affirmative on either a cause of Case or an affirmative defense, the movant must amass the evidentiary fruits of its investigation and discovery effort; must link them to the recognized elements of its claim or defense; and must then demonstrate that the evidence would constitute a prima facie showing on all of the elements." *In re Nation-Wide Exch. Servs., Inc.*, 291 B.R. 131, 138 (Bankr. D. Minn. 2003). If accomplished, the burden then shifts to the respondent. *Id*. The respondent in defense may not "rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial." *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995).

**III.**     **THE DISTRICT COURT ORDER**

    a. **THE DISTRICT COURT ORDER IS A COMPLETE DEFENSE TO PLAINTIFF'S ACTION**.

The Trustee's legal position is best summarized by Judge Rosenbaum's statement in the *United Technologies Communications Co. v. Washington County Board* decision:

> **It is a general principle of the law of contracts that one is not liable in an action for breach where that breach was the result of a court order.**

*United Technologies Communications Co. v. Washington County Board*, 624 F. Supp. 185, 190 (D. Minn. 1985)(**emphasis added**) citing *Village of Minneota v. Fairbanks, Morse & Co.*, 226 Minn. 1, 31 N.W.2d 920, 925-26 (1948). Plaintiff's argument that the District Court Order "does not give rise to a viable defense in this case" ignores the general principle of law of contracts described by Judge Rosenbaum in *United Technologies*. *Id.* This contract principle is consistent with the policy that Courts expect and require compliance with their orders.[10] The District Court Order required action by the Trustee which is not the basis for the Plaintiff's claim. Consistent with principle described above, Trustee is not liable for breach of contract for obeying the District Court Order.

Furthermore, Plaintiff's attacks on the District Court Order isolate the Order from the surrounding facts in this case. The District Court Order was entered by the United States District Judge presiding over the Plaintiff's criminal case. The United States Attorney advised the United States District Court of the Settlement Agreement, and the Plaintiff's interest in proceeds from the Settlement Agreement. With full knowledge of the Settlement Agreement - and with jurisdiction over the Plaintiff and his assets - Judge Ericksen entered the District Court Order to ensure those proceeds would be applied to the Plaintiff's restitution obligation.

---

[10] Ironically, it was a refusal by the defendants in Adv. No. 16-4124 to obey this Court's orders that resulted, in part, in the proceeds at issue being paid to the Plaintiff and Trustee via the Settlement Agreement.

6

### b. THE DISTRICT COURT ORDER IS VALID AND ENFORCEABLE

Plaintiff challenges whether or not the District Court had the proper jurisdiction to enter the District Court Order affecting the Settlement Agreement and the agreement's designation of where the Plaintiff's settlement proceeds were to be delivered. As an initial matter, the District Court's jurisdiction over the Plaintiff is not in dispute, as the June 21, 2019 motion was filed in the Plaintiff's criminal action. Furthermore, Plaintiff has not appealed the District Court Order.

The District Court also had jurisdiction over the Trustee as a matter of law and through service of the June 21, 2019 motion documents upon the Trustee. The District Courts of the United States have "original and exclusive jurisdiction of all cases under title 11." 28 U.S.C. § 1334(a). In *Wellness Internation* the Supreme Court described the interplay of jurisdiction between the District Court and Bankruptcy Court:

> Under that Act, district courts have original jurisdiction over bankruptcy cases and related proceedings. 28 U.S.C. §§1334(a), (b). But "[e]ach district court may provide that any or all" bankruptcy cases and related proceedings "shall be referred to the bankruptcy judges for the district." §157(a). Bankruptcy judges are "judicial officers of the United States district court," appointed to 14-year terms by the courts of appeals, and subject to removal for cause. §§152(a)(1), (e). "The district court may withdraw" a reference to the bankruptcy court "on its own motion or on timely motion of any party, for cause shown." §157(d).

*Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1939 (2015). The Bankruptcy Court in this matter has jurisdiction over this dispute as a result of the reference made by the District Court under 28 U.S.C. § 157. That reference does not remove the District Court's jurisdiction over the referred bankruptcy matter.

> Bankruptcy judges, like magistrate judges, "are appointed and subject to removal by Article III judges," *Peretz*, 501 U.S., at 937, 111 S. Ct. 2661, 115 L. Ed. 2d 808; see 28 U.S.C. §§152(a)(1), (e). They "serve as judicial officers of the United States district court," §151, and collectively "constitute a unit of the district court"

7

> for that district, §152(a)(1). Just as "[t]he 'ultimate decision' whether to invoke [a] magistrate [judge]'s assistance is made by the district court," *Peretz*, 501 U.S., at 937, 111 S. Ct. 2661, 115 L. Ed. 2d 808, bankruptcy courts hear matters solely on a district court's reference, §157(a), which the district court may withdraw *sua sponte* or at the request of a party, §157(d). "[S]eparation of powers concerns are diminished" when, as here, "the decision to invoke [a non-Article III] forum is left entirely to the parties and the power of the federal judiciary to take jurisdiction" remains in place. *Schor*, 478 U.S., at 855, 106 S. Ct. 3245, 92 L. Ed. 2d 675.

*Wellness Int'l*, 135 S. Ct. at 1945. The District Court as an Article III court and the referring court in this matter, retained jurisdiction over the bankruptcy case and subsequent proceedings.

Furthermore, the Trustee was served with the United States' motion documents by way of email sent on June 24, 2019, prior to entry of the District Court Order.[11] Although not a party to the criminal action, the June 24, 2019 service of the motion documents provided the Trustee with notice of the motion and an opportunity to object, had a basis existed.

As the subject of the June 21, 2019 motion concerned the Plaintiff's interest in the settlement proceeds, the Trustee had no basis to object to the relief requested by the United States. Furthermore, even if the Plaintiff's jurisdiction argument were correct, any attempt of the Trustee to obtain an order finding the District Court Order void could be rectified by the United States' filing of a new motion to accomplish the same. Any such efforts by the Trustee would ultimately be futile.

   c. **THE DISTRICT COURT ORDER IS NOT SUBJECT TO REVIEW BY BANKRUPTCY COURT.**

The District Court Order has not been appealed by the Plaintiff or by the Trustee. The Plaintiff has done nothing to seek relief from the District Court Order. Any attack on the District Court Order must be made in the District Court or by appeal to the Eighth Circuit Court of

---

[11] See Declaration of Randall L. Seaver at Ex. 3.

8

Appeals. Fed. R. App. P. 3. The Bankruptcy Court does not sit as a court of review for the United States District Court.

The Plaintiff's claim rests in large part on the validity of the District Court Order, which he spends most of his brief attacking. Plaintiff's attacks can be summarized through the following excerpts of his legal memorandum in support of his motion for summary judgment:

> Importantly, for the sake of this motion for summary judgment, the Trustee was never properly made subject to the district court's jurisdiction. In its haste to file its motion, the government failed to abide by the procedures necessary for subjecting a third-party to the jurisdiction of a federal district court, i.e. service of process. The Chapter 7 Trustee was never names as a respondent to the government's motion or served with process. These procedural defects resulted in an order that was void with respect to the Chapter 7 Trustee for lack of personal jurisdiction. The Chapter 7 Trustee had no formal obligation to comply with the district court's order; had the Trustee challenged the order, the district court would have had no discretion but to vacate the order.
>
> …
>
> In the end, there were a services of errors with respect to the government's motion. The government erred by failing to follow proper procedures to ensure that the Chapter 7 Trustee was within the district court's jurisdiction. The district court erred by affixing her signature to the proposed order submitted by the government without evaluating her power to issue the order.

Plaintiff's Memorandum at 2. Plaintiff attacks the validity of the District Court Order as the District Court Order is a complete defense to the Plaintiff's breach of contract claim. In order to grant Plaintiff's summary judgment motion this Court would have to establish that the District Court erred in entering the District Court Order, and that the District Court Order is void. This Court does not have the authority to make such a determination.

As no appeal or challenge to the District Court Order has been properly made, the District Court Order is still effective as to the Plaintiff and the Trustee, and must be considered as such for the purposes of the Plaintiff's motion for summary judgment.

9

### d. THE ORDER ALTERED THE DESIGNEE FOR PURPOSES OF THE SETTLEMENT AGREEMENT.

The entry of the District Court Order altered the "debtor's designee" under the Settlement Agreement, and consequently the Trustee's distribution of the settlement funds to the United States was not a breach of the Settlement Agreement. Term 2 of the Settlement Agreement provides the following:

> 2. <u>Settlement Payment</u>. Defendants shall pay Trustee One Hundred Fifty Thousand Dollars ($150,000.00) ("Settlement Funds") on the terms described herein, in full satisfaction of the Trustee's and Debtor's claims. The Settlement Funds shall be paid to Trustee via wire transfer on or before June 21, 2019, and the Trustee will remit half of the Settlement Funds to Debtor's designee within three business days of the Bankruptcy Court's approval of the settlement agreement.

By the express terms of the Settlement Agreement the Trustee was required to "remit half of the Settlement Funds to Debtor's designee". The United States District Court was notified of the Plaintiff's interest in the settlement funds through the United States' June 21, 2019 motion. Upon entry of the District Court Order, the order effectively established the U.S. Government as the "Debtor's designee" for purposes of the Settlement Agreement.

The intent of the District Court Order was to ensure that the settlement proceeds the Plaintiff was entitled to by the Settlement Agreement were delivered to the U.S. Government for payment of his criminal restitution judgment. The District Court Order served that purpose. The District Court had jurisdiction over the Plaintiff at the time the District Court Order was entered, and had authority to dictate the designee of the settlement proceeds. The Trustee's compliance with the District Court Order was consistent with the express terms of the Settlement Agreement and did not constitute a breach of contract.

### e.   THE FORESEEABILITY OF THE DISTRICT COURT ORDER

The Trustee is unaware of any case law which supports the Plaintiff's proposition that the Trustee should have expected the United States' motion to seize the Plaintiff's assets, and as such the Trustee is unable to rely upon the District Court Order to avoid liability on a breach of contract claim. The Plaintiff doesn't appear to have cited to any case law that directly supports such a proposition.

As discussed above, the Trustee acted less as a promisor to the Plaintiff in the Settlement Agreement and more like an escrow agent, holding settlement funds pending approval. The Trustee had no interest in the $75,000 held for the benefit of the Plaintiff, those were funds from the defendants in Adv. No. 16-4124, held by the Trustee pending approval of the settlement. The argument that the Trustee should have inserted a provision into the Settlement Agreement stating that he would only produce the settlement proceeds to the Plaintiff in the absence of a court order is absurd.

Even if the Trustee were required to establish the elements of an impossibility defense, it is clear that at the time the Settlement Agreement was entered the parties did not anticipate the United States' action to recover the settlement proceeds prior to disbursement to the Plaintiff. If the Plaintiff believed the action by the U.S. Government to obtain the funds was foreseeable at the time the parties entered into the Settlement Agreement, he wouldn't have identified himself as the designee. The Plaintiff describes the U.S. Government's motion as "having second thoughts."[12] If the action was at the forefront of the mind for the United States Attorney, and was merely a "second thought", the non-occurrence of the action cannot reasonably be deemed to have been a basic assumption upon which the Settlement Agreement was made. See *U.S. v.*

---

[12] Plaintiff's Memorandum at 3.

11

*Winstar Corp.,* 518 U.S. 839, 904-905, 135 L. Ed. 2d 964, 116 S. Ct. 2432 (1996); *City of Savage v. Formanek,* 459 N.W.2d 173, 176 (Minn. App. 1990).

### IV. THE PLAINTIFF HAS RECEIVED THE BENEFIT OF THE TRUSTEE'S TRANSFER.

The Plaintiff's claims expectation damages in the amount of $75,000, the value he allegedly expected to receive through the Settlement Agreement. However, according to the Plaintiff, "[t]he risk that the government would move the district court to seize the $75,000 was foreseeable at the time the parties entered into the settlement agreement in June 2019."[13] If the Plaintiff now asserts that he could have foreseen the seizure of the funds for payment of his future restitution claim when he executed the Settlement Agreement in June of 2019, then he cannot argue that he had an expectation that he would receive the settlement proceeds.

Plaintiff is also unable to establish as a matter of law that he has suffered damages in the amount of $75,000. The $75,000 sent to the U.S. Government by the Trustee will reduce the Plaintiff's criminal restitution judgment, which is a $75,000 benefit to the Plaintiff. A breach of contract claim in Minnesota requires "proof that damages resulted from or were caused by the breach." *Trebelhorn,* 905 N.W.2d at 246; citing *Border State Bank of Greenbush v. Bagley Livestock Exch., Inc.*, 690 N.W.2d 326, 336 (Minn. App. 2004). Plaintiff has received consideration for the Settlement Agreement through the Trustee's compliance with the District Court Order. Granting Plaintiff's motion and awarding him a judgment would result in windfall for the Plaintiff in the form of a double recovery.

---

[13] Plaintiff's Summary Judgment memorandum at 9.

## CONCLUSION

For the reasons argued herein, the Plaintiff is unable to establish that he is entitled to judgment on his breach of contract claim in light of the District Court Order. Trustee requests that the Court deny the Plaintiff's motion.

**FULLER, SEAVER & SWANSON, P.A.**

Dated: October 11, 2019            By: /e/ Matthew D. Swanson
                                                        Matthew D. Swanson        390271
                                                        Randall L. Seaver            152882
                                                        12400 Portland Avenue South, Suite 132
                                                        Burnsville, MN 55337
                                                        (952) 890-0888

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

_____

BKY No. 15-42460

In re:

Paul Hansmeier,

      Debtor.

_____

Paul Hansmeier,                                          ADV No. 19-4194

      Plaintiff,

vs.

Randall L. Seaver, Chapter 7 Trustee,

      Defendant/Third Party Plaintiff,

vs.                                                      **ORDER**

United States of America.

      Third Party Defendant.

_____

This matter came before the Court on the plaintiff's motion for summary judgment on count 1 of the complaint. Appearances were as noted on the record.

Based on the arguments of counsel, all of the files, records, and proceedings herein,

IT IS ORDERED:

1. The plaintiff's motion for summary judgment is denied.

Dated:                                                                              _____

                                                                             Kathleen H. Sanberg
                                                                             United States Bankruptcy Judge