UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Paul Hansmeier,<br>    Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | Bky. No. 15-42460 |
| Randall L. Seaver, Chapter 7 Trustee,<br>    Defendant/Third Party Plaintiff, | )<br>)<br>) | Adv. No. 19-4194 |
| v. | )<br>) | |
| United States of America,<br>    Third Party Defendant. | )<br>) | |

RECEIVED
19 DEC 12 PM 12:12
U.S. BANKRUPTCY COURT
MINNEAPOLIS, MN

PLAINTIFF'S RESPONSE TO THE TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Paul Hansmeier ("Hansmeier") respectfully files this response to the Chapter 7 Trustee's motion for summary judgment.

Argument

Hansmeier supports the principle of the estate's recovery of $75,000 that the Trustee transferred to the district court clerk of court. While Hansmeier suspects that the Trustee must proceed before the district court to recover the $75,000, that issue is not the point of this response. Instead, the purpose of this response is to correct the Trustee's characterization of Hansmeier's claim in this adversary proceeding.

Hansmeier's claim in this case is that the Trustee breached the Chowdhury settlement agreeement and that the district court's June 24, 2019 order does not provide a defense to Hansmeier's claim for breach of contract given the circumstances present in this case. The first part of Hansmeier's position, i.e. that the Trustee breached the Chowdhury agreement, is uncontested. Nor could this point be contested. The parties entered into a settlement agreement and the Trustee failed to follow his promise to transfer $75,000 to Hansmeier after the Court approved the settlement agreement.

The Trustee's sole defense to Hansmeier's claim for breach of contract is a defense that sounds in impossibility; the Trustee's position is that the district court's June 24, 2019, order--which directed the Trustee to transfer $75,000 to the district court clerk of court--made it impossible for the Trustee to meet his promise to transfer $75,000 to Hansmeier. This defense sounds in impossibility. See, e.g., United Tech. Comm.'s Co. v. Washington County Bd., 624 F. Supp. 185 (D. Minn. 1985) (noting that the "court order" defense to breach of contract is akin to the impossibility defense to breach of contract). Hansmeier's position is that under the circumstances present in this case, the Trustee cannot claim that the district court's order made it impossible for him to avoid breaching the parties' contract. To see why this is true, the Court need only observe all of the actions that the Trustee could have (but did not) take. See Johnson Reg'l Med. Ctr. v. Halterman,

-1-

867 F.3d 1013, 1020 (8th Cir. 2017) (rejecting defendant's invocation of the impossibility defense where the defendant failed to take "virtually every action within his power to perform his duty under the contract.").

The Trustee could have, but did not:

1. Notified the Court when he was made aware on June 21, 2019 of the government's intent to seek an order requiring the Trustee to transfer $75,000 to the district court clerk of court. The notification could have been accompanied by a request to continue the settlement agreement approval date to such a time as the conflict between the district court's order and the Trustee's contractual duty was resolved either through agreement of the parties or by court order. The Trustee's contractual duty did not spring into existence until after the Court approved the settlement agreement on June 25, 2019.

2. Opposed the government's motion or sought relief from the government's motion. Hasmeier's submissions in support of his motion for summary judgment identified several defenses the Trustee might have raised in opposition to the government's motion or in support of relief from the district court's June 24, 2019 order. The Trustee has not explained why any of these defenses would have been futile.

3. Contacted Hansmeier and the government prior to transferring the $75,000. Hansmeier's reply memorandum in support of summary judgment made clear that Hansmeier was (and would still be) open to a procedure which allowed Hansmeier an opportunity to oppose the government's motion in a manner consistent with the standard form of motion practice under the district court's local rules for civil motions. The government and the district court were requried to provide due process protections which were not provided. See United States v. Yielding, 657 F.3d 688 (8th Cir. 2011) (describing due process protections that must be provided in connection with government's effort to seize proceeds of a civil settlement in a criminal case).

4. Avoided incurring the contractual duty by declining to enter into the settlement contract or by including a term in the contract which allowed the Trustee to behave in the manner he did here.

The Court is not faced with the complicated question of whether the Trustee did "enough" in connection with the district court's order to be able to invoke the defense of impossibility. In this case, the Trustee took no action to perform his duty under the contract. Accordingly, Hansmeier's position is that the Trustee cannot rely on a "court order" or impossibility defense against Hansmeier's claim for breach of contract.

A final point bears mentioning. Nothing about the district court's order makes it impossible for the Trustee to transfer $75,000 to Hansmeier. The Trustee continues to be in possession of $75,000 which remains after the Trustee transferred $75,000 to the district court clerk of court. To the extent that the Trustee has a defense in this case, it does not appear that impossiblity is it.

With the foregoing background in mind, it is easy to see how the Trustee's characterization of Hansmeier's breach of contract claim can be corrected. The Trustee uses his memorandum in support of summary judgment to characterize Hansmeier's breach of contract claim as follows: "This case turns on the issue of whether or not it was proper for the Trustee to obey the District Court Order.... The Plaintiff has attacked the legitimacy of the District Court Order...." Trustee's Mem. (unpaginated). Contrary to the Trustee, this case does not turn on whether it was proper for the Trustee to obey a court order. Rather, this case turns on whether the Trustee took all legitimate actions to avoid breaching his contractual duty. These actions, which include the actions just listed, are actions that would have maintained total respect for the district court's order. It is not disrespectful to a district court order to seek relief from it or to attempt to arrange a settlement among the parties in interest with respect to the settlement. Nor would it have been disrespectful to the district court's order to avoid incurring a contractual obligation in the first place by negotating appropriate contractual language or by seeking a continuance of this Court's approval of the settlement agreement---this is particularly true where, as here, attorney Voss e-mailed the Trustee and confirmed that the government would not seek to enforce the district court's order until the settlement agreement had been approved by this Court.

As for the Trustee's statement that Hansmeier has "attacked the legitimacy of the District Court Order," a much more accurate statement would be that Hansmeier contends that the Trustee had viable defenses which the Trustee could have (but did not) asserted in response to the district court's order. It is true that Hansmeier believes the order would not have been entered had the district court allowed for adversary presentation on the government's motion for turnover, but Hansmeier's personal views on this issue are separate and distinct from his position on whether the Trustee has a viable defense against Hansmeier's claim for breach of contract.

<u>Conclusion</u>

The Court should consider the arguments raised herein.

Dated: December 6, 2019

Respectfully submitted,

Paul Hansmeier
20953-041 Unit K3
FCI Sandstone
P.O. Box 1000
Sandstone, MN 55072

COMMITTED NAME: Paul Hansmeier
REG. NO. & QTRS.: 20953-041 Unit K3
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1000
SANDSTONE, MN 55072

RECEIVED BY MAIL
DEC 11 2019
CLERK
U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

◇ 20953-041 ◇
Bankruptcy Court
ADV 19-4194
300 S 4TH ST
Clerk of Court
Minneapolis, MN 55415
United States

