UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Paul Hansmeier,<br>    Plaintiff, | )<br>)<br>) |
| v. | )  Bky No. 15-42460<br>) |
| Randall Seaver, Chapter 7 Trustee,<br>    Defendant/Third Party Plaintiff, | )  Adv. No. 19-4194<br>)<br>) |
| v. | )<br>) |
| United States of America,<br>    Third Party Defendant. | )<br>) |

PAUL HANSMEIER'S MEMORANDUM IN OPPOSITION TO THE UNITED STATES' MOTION TO DISMISS

Paul Hansmeier ("Hansmeier") respectfully opposes the United States' motion to dismiss his complaint.

## Background

This adversary proceeding arises from the Trustee's failure to complete a contractually promised transfer of $75,000 to Hansmeier. Hansmeier and the Trustee entered into a settlement agreement the Chowdhury adversary proceeding. Pursuant to that settlement agreement, the Trustee promised to transfer $75,000 to Hansmeier within three days of the Court's approval of the settlement agreement. The deadline for objecting to the settlement agreement was June 25, 2019. Prior to the deadline for objecting, the United States notified the Trustee (but not Hansmeier) via e-mail that it was moving the district court for an order requiring the Trustee to transfer $75,000 to the district court clerk of court. The Trustee did not inform the Court, Hansmeier or anyone else about this development. Nor did the Trustee attempt to oppose the United States' motion.

The district court granted government's motion on an ex parte basis on June 24, 2019, by signing the government's proposed order which ordered the Trustee to transfer $75,000 to the district court clerk of court. The next day, ostensibly unaware of the developments in the district court, this Court approved the Chowdhury settlement agreement. The Trustee transferred the funds to the district court clerk of court without seeking approval from this Court, Hansmeier, the estate or anyone else. The Trustee did not challenge the district court's order, did not file an action for declaratory relief seeking a court order directing the proper disposition of the $75,000 or do anything to attempt to respect his contractual obligations created by the Chowdhury settlement agreement.

## Argument

The Court should deny the United States' motion to dismiss Hansmeier's complaint. Hansmeier's complaint states a claim for breach of contract. The United States' arguments fail.

-1-

I.  Standard of review.

Federal Rule of Civil Procedure 12(b)(6), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7012, provides that a defendant may move to dismiss a complaint for failure to state a claim. "To survive a motion to dismiss, the complaint must plead 'enough facts to state a claim for relief that is plausible on its face.'" Mot. to Dismiss, Dkt. 27 at 7 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

II. Hansmeier's complaint states a claim for breach of contract.

Hansmeier's complaint states a claim for breach of contract. In Minnesota, to state a claim for breach of contract a plaintiff must allege: (1) formation of a contract; and (2) breach of the contract by the defendant. See Trebelhorn v. Argawal, 905 N.W.2d 237, 246 (Minn. Ct. App. 2017). Hansmeier's complaint pleads sufficient facts to state a claim for breach of contract that is plausible on its face.

First, Hansmeier's complaint alleges facts showing formation of a contract. Hansmeier's complaint alleges how Hansmeier reached a settlement in the Chowdhury matter, how he entered into a settlement agreement with the Chowdhury parties (including the Chapter 7 Trustee), and how under that settlement agreement the Trustee promised to transfer $75,000 to Hansmeier within three days of the Court's approval of the Chowdhury settlement agreement. Compl. ¶¶ 5-10. These facts are sufficient to plausibly allege the formation of a contract and the United States does not argue otherwise.

Second, Hansmeier's complaint alleges facts showing the Chapter 7 Trustee's breach of the contract. Hansmeier's complaint alleges that the Chapter 7 Trustee failed to transfer $75,000 Hansmeier within three days of the Court's approval of the settlement contract, thus breaching the Chapter 7 Trustee's promise to make this transfer. Compl. ¶¶ 12, 15. These facts are sufficient to state a plausible claim that the Chapter 7 Trustee breached the contract. The United States does not argue otherwise.

    A.   The United States lacks standing to assert a Rule 12(b)(6) challenge to Hansmeier's complaint.

The United States' Rule 12(b)(6) challenge fails because the United States lacks standing to assert a Rule 12(b)(6) challenge to Hansmeier's complaint. This is true for two reasons. First, the United States is not a proper party to this adversary proceeding. Second, the United States does not cite to and Hansmeier is unaware of any principle that confers standing on a non-party to move for dismissal of a complaint.

The Chapter 7 Trustee asserted a claim against the United States pursuant to Federal Rule of Civil Procedure 14, which is made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7014. Under Rule 14, a defendant

may assert a claim against a third-party only where the claim is legally derivative of the plaintiff's claim of the defendant. One court has described the test (in a breach of contract case) as follows: "An examination of defendants' claims in the proposed third-party complaint reveals they are not pleading any derivative claims based on indemnity, subrogation, contribution, or a warranty on defendants' own performance owed to plaintiffs. Instead, the claims are independent stand-alone claims." Larson Mfg. Co. of S.D. v. Western Showcase Homes, 2017 U.S. Dist. LEXIS 32752 (D.S.D. Mar. 8, 2017). The same is true in this case. The Trustee's third-party complaint against the United States doe not allege any contractual or other legal obligation by the United States to indemnify or otherwise insure the Trustee's performance. Rather, the Trustee's claim against the United States boils down to an equitable claim which aruges that fairness dictates that the United States return any money the Trustee transferred to the United States if Hansmeier's claim against the Trustee is successful. The United States' status as an improper party deprives the United States of standing to seek dismissal of Hansmeier's claim for breach of contract.

Even if the United States was a proper party, it is not clear that the United States would have standing to seek dismissal of Hansmeier's claim. Hansmeier's claim is not asserted against the United States, and the propriety of the Trustee's transfer of funds to the United States is independent from the success or failure of Hansmeier's claim against the Trustee. The United States does not attempt to and could not meet the standard for demonstrating standing to challenge Hansmeier's claim.

B. The United States's arguments do not relate to the sufficiency of Hansmeier's allegations.

The United States' arguments do not relate to whether Hansmeier's complaint states a claim upon which relief may be granted. Although styled as a motion to dismiss for failure to state a claim, the United States' argument are all directed towards discussing the proceedings before the district court. These arguments do not go to the issue of whether Hansmeier's complaint states a claim upon which relief may be granted. It appears to be uncontested, then, that Hansmeier's complaint states a claim for breach of contract which survives a Rule 12(b)(6) challenge.

As for the United States' discussion of the district court proceedings, the issue of whether the district court's order was correctly decided is not before this Court. The point that the United States appears to be arguing is that (in the United States' view) there is no purpose to this adversary proceeding because it is inevitable that the United States would won a turnover motion if the Trustee had complied with his contractual obligation to transfer $75,000 to Hansmeier and the turnover motion had been filed against Hansmeier. The United States' position is speculative and wrong. If the Chapter 7 Trustee had complied with his contractual

-3-

obligations, then Hansmeier would have been able to oppose the United States' motion and show the district court that the United States waived its right to pursue the settlement proceeds at sentencing and that, in any event, third-parties have interests in the settlement proceeds that are superior to those of Hansmeier (and thus the United States). Counsel for the United States is familiar with the latter argument, having lost a turnover motion against one of Hansmeier's fellow guests at Sandstone FCI in United States v. Mitchell, 2017 U.S. Dist. LEXIS 173166 (D. Minn. Oct. 19, 2017), on the very same grounds. Until the Trustee actually complies with his contractual obligation to transfer $75,000 (which he could do today), Hansmeier is unable to assert the objection. The Trustee's breach of the Chowdhury settlement agreement deprived Hansmeier of an opportunity to raise those arguments to the district court, thus necessitating this adversary proceeding for breach of contract.

The propriety of the district court's order is not at issue in this adversary proceeding. Rather, the issues in this adversary proceeding are whether the Trustee breached the Chowdhury settlement agreement and, if so, whether the district court's June 24, 2019 order provides the Chapter 7 Trustee with a defense to breach of contract. There is no debate that the Trustee breached the Chowdhury settlement agreement. The only issue in debate is whether the Chapter 7 Trustee has met his burden of showing that the district court's June 24, 2019 order made it impossible for him to transfer $75,000 to Hansmeier, as the Chowdhury settlement agreement obligated him to do. The Chapter 7 Trustee has not and cannot make this showing.

The "court order" defense to breach of contract is akin to the impossibility defense. Thus, a party seeking to use a court order as a defense to a breach of contract claim must make a showing that the party did everything reasonable under the circumstances to avoid breaching the contractual obligation. The Trustee cannot make this showing here because the Trustee made no effort whatsoever to honor the Chowdhury settlement agreement. This is not a difficult case where the Court has to assess the Trustee's actions and determine whether they were "enough" under the circumstances. Here, the Trustee did absolutely nothing. The Chapter 7 Trustee was aware of the United States' motion, stayed silent about it and took no action with respect to it until it was granted, and then voluntarily complied with it (without asserting potentially successful defenses or attempting to seek the input of the parties or anyone else).

The Trustee's silence is a point that Hansmeier would like to focus on in closing. It would seem that the Trustee had an affirmative obligation not only to Hansmeier, but to the Court, the public and the estate, to notify all interested parties of the material development represented by the United States' motion and the district court's order. The Trustee's silence deprived interested parties the opportunity to object and deprived the Court of material information when it

considered whether to approve the <u>Chowdhury</u> settlement agreement. The Chapter 7 Trustee's failure to disclose the issue created by the United States' motion before the district court and his unilateral decision to transfer funds without asserting potentially viable defenses has unnecessarily burdened the parties and the Court with proceedings that could have otherwise been avoided.

Dated: December 26, 2019                               Respectfully submitted,

                                                       /s/ Paul Hansmeier
                                                       Paul Hansmeier
                                                       20953-041 Unit K3
                                                       FCI Sandstone
                                                       P.O. Box 1000
                                                       Sandstone, MN 55072