UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Paul Hansmeier,<br>    Plaintiff, | ) ) ) | |
| v. | ) ) | |
| Randall L. Seaver, Chapter 7 Trustee,<br>    Defendant/Third PArty Plaintiff, | ) ) ) | BKY No. 15-42460<br>ADV No. 19-4194 |
| v. | ) ) ) | |
| United States of America,<br>    Third Party Defendant. | ) ) | |

NOTICE OF MOTION AND MOTION FOR SANCTIONS

1.  The above-named Plaintiff, Paul R. Hansmeier, moves this Court for the relief requested below.

2.  A hearing on this motion will be held at a date and time to be determined in Courtroom 8W, U.S. Bankruptcy Court, 300 South Fourth Street, Minneapolis MN 55415.

3.  Pursuant to Local Rule 7001-1(a), Local Rule 9006-1(c) provides deadlines for responses to motion in adversary proceedings. UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4.  This motion arises pursuant to the Court's inherent authority. This Court has jurisdiction over this motion pursuant to 28 U.S.C. § 157 and 1334. Venue of this case and motion are proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding. This adversary proceeding was commenced on August 8, 2019.

5.  By this motion, Hansmeier seeks and order referring attorney Jeffrey D. Klobucar to the U.S. Attorney for the District of Minnesota and to the Minnesota Lawyer's Professional Responsibility Board for investigations of perjurious Declaration for Proof of Service dated January 3, 2020.

6.  Attorney Jeffrey D. Klobucar filed a Declaration for Proof of Service dated January 3, 2020. In the declaration, attorney Klobucar declared "under the penalty of perjury" that as of January 3, 2020 he had caused a copy of the Chapter 7 Trustee's reply memorandum in support of motion to dismiss Hansmeier's adversary complaint to be mailed to Hansmeier via the Minneapolis post office.

7.  Hansmeier did not receive the reply memorandum until Friday January 10, 2020, i.e., three days after the hearing on the Trustee's motion to dismiss.

8.  A review of the envelope mailed by attorney Klobucar demonstrates that the envelope was metered on January 3, 2020, but postmarked on January 7, 2020. In other words, Klobucar did not mail the Trustee's reply until the date of the hearing on the Trustee's motion to dismiss. Hansmeier has retained the envelope for an inspection by the authorities. A true and correct photocopy (zoomed in) of the envelope is attached as Exhibit A to this motion.

9.  This motion is accompanied by a memorandum of law.

-1-

Dated: 1/11/20

By: _____
Paul Hansmeier
BOP 20953-041 Unit K3
FCI Sandstone
P.O. Box 1000
Sandstone, MN 55072
Pro se

VERIFICATION

I, Paul Hansmeier, the Plaintiff in Adv. No. 19-4194, state under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on January 11, 2020

_____
Paul R. Hansmeier

U.S. POST

ZIP 5540
02 4W
00003562

Exhibit A

100 SOUTH 5TH STREET, SUITE 1500
MINNEAPOLIS, MN 55402-1254

BASSFORD REMELE

Paul Hansmeier
BOP #20953041 Unit K3
FCI Sandstone
P.O. Box 1000
Sandstone, MN 55072

55072-100000

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

Paul Hansmeier,                              )
    Plaintiff,                               )
                                   )
                                   )
v.                                            )
                                   )     BKY No. 15-42460
Randall L. Seaver, Chapter 7 Trustee,        )     ADV No. 19-4194
    Defendant/Third-Party Plaintiff,         )
                                   )
v.                                            )
                                   )
United States of America,                     )
    Third-Party Defendant.                    )

MEMORANDUM OF LAW IN SUPPORT OF PAUL HANSMEIER'S MOTION FOR SANCTIONS

Attorneys who lie about serving court documents on pro se prisoners deserve to become prisoners themselves. Attorney Jeffrey D. Klobucar lied under the penalty of perjury about serving Hansmeier with the Trustee's reply memorandum. Attorney Klobucar's Declaration for Proof of Service falsely stated that he deposited the Trustee's reply memorandum in the Minneapolis post office's mailbox on January 3, 2020---which was four days prior to the hearing on the Trustee's motion to dismiss. In fact, the postmark on the transmittal envelope is dated January 7, 2020---which was the date on which the Trustee's motion to dismiss was heard. To reiterate, Klobucar did not mail the Trustee's reply memorandum until the day of the motion hearing. Klobucar's service fraud left Hansmeier blind as to the Trustee's arguments in reply, which were adopted by the Court in its order granting the Trustee's motion to dismiss. This "blindness" was exacerbated by the fact that Hansmeier did not hear the Trustee's oral presentation at the motion to dismiss hearing.

Service fraud is intensely prejudicial to parties and the Courts. This adversary proceeding represents the seventh year of litigation over multiple proceedings that is <u>directly</u> traceable to the service fraud in the <u>Chowdhury</u> Massachusetts matter. Unless Hansmeier takes an appeal to challenge Klobucar's service fraud in this case, Hansmeier risks further normalizing a fraud that is a real problem in this district. Service fraud is most prejudicial when it is committed against pro se prisoners. Pro se prisoners have no way to independently review the docket in their legal matters are at the mercy of their opponents for honest service. Courts, too, are harmed by service fraud. Courts rely on adversary presentation of issues to reach a just result. Service fraud prevents the adversary process from functioning properly.

The proper sanction in this case is to refer Klobucar to the United States Attorney for the District of Minnesota for an investigation of his service fraud and to the Minnesota Board of Lawyer's Professional Responsibility for an

investigation of his service fraud and to the Minnesota Board of Lawyer's Professional Responsibility for an investigation of violations of the Rules of Professional Conduct. Klobucar submitted a false declaration under the penalty of perjury about serving documents on a pro se prisoner. In doing so, he harmed the integrity of proceedings before the Court.

As a final note, every attorney who receives a copy of this filing has an affirmative ethical duty to report Klobucar's service fraud to the Minnesota Board of Lawyer's Professional Responsibility.

Respectfully submitted,

Date: 1/11/20

Paul Hansmeier
20953-041 Unit K3
Sandstone FCI
P.O. Box 1000
Sandstone, MN 55072
Pro se